[No. 820.  Decided May 18, 1893.]

E. J. SPOONER, *Appellant*, v. THE CITY OF SEATTLE *et al.*, *Respondents.*

CERTIORARI — QUASHING WRIT — WHEN LIES — REVIEW OF STREET ASSESSMENT — PROCEEDINGS.

Although a writ of *certiorari* has been granted in favor of plaintiff, it may, before compliance with its directions, be quashed on motion of defendants therefor.

While the statute does not fix the time within which a writ of *certiorari* should be applied for, it should be applied for within a reasonable time after the act complained of has been done, and two years is not a reasonable time.

Where the only method prescribed by a city charter for the collection of a street assessment is by foreclosure in a court of record, *certiorari* will not lie for the purpose of reviewing the assessment proceedings.

*Appeal from Superior Court, King County.*

*Tustin, Gearin & Crews*, for appellant.

*George Donworth*, and *James B. Howe*, for respondents.

The opinion of the court was delivered by

STILES, J.—The record in this case shows that the superior court of King county, after having granted a writ

of *certiorari* in favor of the appellant and against the respondents, entertained a motion to quash the writ, which motion it permitted to be amended or supplemented by the allegation of additional grounds before the matter was finally disposed of. Upon the grounds thus presented, it quashed the writ. The motion to quash was substantially a demurrer to the petition. There seems to have been no logical reason why it should not have been entertained before the respondents had complied with its direction to certify a copy of the record. Such proceeding was clearly a proper one, upon every view of the system of pleading and practice in this state.

Two of the grounds urged upon the motion to quash, at least, were well taken — *First:* The petition was not filed until more than two years after the proceedings taken by the city to assess the property in question were completed. The writ of *certiorari* is in the nature of an appeal, and, while the statute does not fix the time within which the writ should be applied for, it should be applied for within a reasonable time after the act complained of has been done, and two years and upwards was not a reasonable time. *Second:* In our opinion, no writ of *certiorari* will lie in such a case like this. *Wilson v. Seattle*, 2 Wash. 543, (27 Pac. Rep. 474) is not in point. The proceedings on the part of the city consisted of certain steps taken to assess real estate for the improvement of a street under the special charter of the city of Seattle, enacted in 1886. By that charter the only method which the city had of collecting a street assessment was by foreclosure in a court of record. Whenever such a foreclosure is attempted by the city, the appellant will have full opportunity to defend against it. Under this state of the law, *certiorari* should not be resorted to in such a way as to make it substantially an action to remove a cloud from the title. Much of the

matter urged by appellant in his brief is entirely unfounded in anything discoverable in the record.

The judgment of the lower court is affirmed.

DUNBAR, C. J., and HOYT and ANDERS, JJ., concur.

SCOTT, J., concurs in the result.