[No. 9358.    Department Two.    February 7, 1911.]

THE STATE OF WASHINGTON, *on the Relation of T. V. Davis,* *Plaintiff,* v. THE SUPERIOR COURT FOR FRANKLIN COUNTY *et al., Defendants.*[1]

ELECTIONS—CONTESTS — APPEAL — BOND — SUPERSEDEAS.    Under Rem. & Bal. Code, § 4956, providing for an appeal to the supreme court from a judgment in an election contest, "as in other cases," the appeal does not supersede the judgment unless a supersedeas bond is given as in other cases; § 4957 declaring that the certificate of election shall be rendered null and void by a judgment cancelling the same where no appeal is taken within ten days, merely makes the judgment a finality within that time if no appeal is taken, and does not give the appeal the effect of superseding the judgment without bond.

[1]Reported in 113 Pac. 277.

Application filed in the supreme court January 12, 1911, for a writ of prohibition to restrain the superior court for Franklin county, Kennan, J., from further proceeding with the trial of a cause. Denied.

*Horrigan, Coad, Driscoll & Leonard,* for relator, to the point that the judgment was superseded by the appeal, cited: Black, Judgments, § 243; Rem. & Bal. Code, § 4957; *Fawcett v. Superior Court,* 15 Wash. 342, 46 Pac. 389, 55 Am. St. 894; *State ex rel. McDonald v. Superior Court,* 6 Wash. 112, 32 Pac. 1072; *Brundage v. Home Sav. & L. Ass'n.,* 11 Wash. 288, 39 Pac. 669; *Foster v. Superior Court etc. of San Francisco,* 115 Cal. 279, 47 Pac. 58; *Day v. Gunning,* 125 Cal. 527, 58 Pac. 172; *Covarrubias v. Board of Supervisors,* 52 Cal. 622; *Morton v. Broderick,* 118 Cal. 474, 50 Pac. 644.

*H. B. Noland,* for defendants, cited, among others: 9 Cyc. 12, 32; 2 Cyc. 892, 895, 984; Rem. & Bal. Code, §§ 1722, 4956; Spelling, Injunctions & Extr. Rem. (2d ed.), § 1131; High, Extraordinary Remedies (2d ed.), § 756; *Fitzsimmons v. Board,* 119 Mich. 147, 77 N. W. 632; *Ex parte Robertson,* 44 Tex. Cr. 566, 72 S. W. 859; *State ex rel. Busch v. Dillon,* 96 Mo. 56, 8 S. W. 781; *Anderson v. Comptois,* 111 Fed. 998; *Central Nat. Bank v. Graham,* 118 Mich. 488, 76 N. W. 1042; *People ex rel. Day v. Bergen,* 53 N. Y. 404; *In re Faber,* 13 S. D. 62, 82 N. W. 398; *Gilmore v. Baker Co.,* 14 Wash. 52, 44 Pac. 101; *Fylpaa v. Brown County,* 6 S. D. 634, 62 N. W. 962; *Fawcett v. Superior Court,* 15 Wash. 342, 46 Pac. 389, 55 Am. St. 894; *Jayne v. Drorbaugh,* 63 Iowa 711, 17 N. W. 433; *Allen v. Robinson,* 17 Minn. 113; *State ex rel. Hunt v. Mayor etc. of Kearney,* 28 Neb. 103, 44 N. W. 90; *State ex rel. Lewis v. Comr's Marion County,* 14 Ohio St. 515; *Ewing v. Thompson,* 43 Pa. St. 372; *State ex rel. Dodson v. Meeker,* 19 Neb. 444, 27 N. W. 427; *Central Nat. Bank v. Graham,* 118 Mich. 488, 76 N. W. 1042; *State ex rel. Craig v. Woodson,* 128 Mo. 497, 31 S.

W. 105; *State ex rel. Wagenseil v. Stevenson*, 98 Mich. 218, 57 N. W. 115.

Rudkin, J.—At the last general election held on the 8th day of November, 1910, the relator, T. V. Davis, and one J. W. Hays were rival candidates for the office of sheriff in Franklin county of this state. A canvass of the vote showed 522 votes for the relator against 515 votes for his opponent, and a certificate of election was duly issued to the former by the county auditor on the 18th day of November, 1910. On the same day the relator qualified by taking the oath prescribed by law. Thereafter, and within the time limited by law, a statutory contest was instituted by Hays against the election of the relator, the particular grounds of which are not at this time material. On the hearing of the contest the court found that the plaintiff, Hays, received 531 votes and the relator, Davis, 514 votes, and gave judgment declaring, "that plaintiff, J. W. Hays, was elected to the office of sheriff of Franklin county, Washington, at the general election held November 8, 1910, and the said plaintiff is entitled to take and hold said office of county sheriff for said county for .the term of 2 years commencing on the 9th day of January, 1911, and the certificate of election issued by the county auditor of said county to the defendant should be and the same hereby is cancelled and decreed to be void, and of no force and effect, and the returns of said election should be and they hereby are corrected and made to conform to the actual and true count of the ballots actually voted and as tallied by the court in the findings filed herein."

This judgment was entered of record on the 7th day of December, 1910, and on the 12th day of December following, the relator gave written notice of appeal therefrom to this court, and filed the common form of cost bond in the sum of $200. On the 9th day of January, 1911, the plaintiff in the contest proceeding qualified as sheriff and entered upon the discharge of his duties as such. On the following day he

presented to the court an affidavit or complaint charging and alleging that the defendant in the contest proceeding, the relator herein, refused to surrender up the office of sheriff in obedience to the judgment of the court, and prayed that he be cited to appear and show cause, if any he had, why he should not be punished as for a contempt. The relator appeared in obedience to the citation and objected to the jurisdiction of the court, but his objection was overruled, and the matter was set for hearing on January 12, 1911. The relator thereupon applied to this court for a writ of prohibition to restrain the court below from further proceeding in the contempt matter, and the case is now before us for final determination on the return to the alternative writ heretofore issued by this court. The contentions of the respective parties in brief are these: The relator contends that the judgment in the contest proceeding was superseded by his appeal therefrom, while the defendants contend that such judgment is self-executing and cannot be stayed or superseded pending an appeal. Section 4956, Rem. & Bal. Code, relating to election contests, provides that, "Either party, feeling himself aggrieved by the judgment of said court, may appeal therefrom to the supreme court, as in other cases of appeal thereto."

The next section provides that "Whenever an election shall be annulled and set aside by the judgment of the superior court, when no appeal has been taken therefrom within ten days, such certificate or commission, if any have been issued, shall be thereby rendered void." If section 4956 stood alone it is manifest that an appeal would not operate as a supersedeas, unless a supersedeas bond was given and filed in an amount fixed by the court, under the general statutes governing appeals to this court. Rem. & Bal. Code, § 1722. The relator contends, however, that inasmuch as § 4957 expressly declares that the certificate or commission shall be rendered null and void by the judgment when no appeal has been taken therefrom within ten days, the converse of this must be true, and if an appeal is taken within the ten days the certificate or

commission is not rendered null and void, but remains of full force and effect. We cannot agree with this contention. The sole purpose of the latter section is to limit the time for prosecuting an appeal to the ten days specified, and not to supersede the judgment or effect its finality in any way. The moment the judgment is entered by a court of competent jurisdiction, the certificate or commission is rendered null and void, and so continues until the judgment is vacated or set aside. The declaration that it shall become null and void if no appeal is taken within the ten days means simply that, at the expiration of that time, the judgment becomes a finality and cannot be thereafter appealed from. For this reason we are clearly of opinion that a judgment such as was rendered by the court below in the contest case is not stayed or superseded by a simple appeal, but whether it is self-executing or can be stayed or superseded by the giving of a proper bond, we deem it unnecessary to inquire.

The alternative writ is therefore quashed.

DUNBAR, C. J., CHADWICK, MORRIS, and CROW, JJ., concur.