[No. 12424.   Department Two.   October 26, 1914.]

THE STATE OF WASHINGTON, *on the Relation of W. H.
Blackman, Appellant,* v. THE SUPERIOR COURT
FOR FRANKLIN COUNTY *et al., Respondents.*[1]

ELECTIONS—PRIMARY ELECTIONS — CONTESTS — CERTIORARI — TIME FOR TAKING. Under Rem. & Bal. Code, § 4829, providing for contests in primary elections, without making any provision for appeal or review of the judgment, certiorari to review the judgment must be applied for within ten days, the time for taking appeals under the general election laws, Rem. & Bal. Code, §§ 4956, 4957, providing for appeals in election contests within ten days, and that the election certificate or commission shall be null and void until the judgment is set aside or vacated; under the rule that a writ of certiorari must be applied for within the time allowed for taking an appeal, when not otherwise fixed by law.

CERTIORARI—PROCEEDINGS—TIME FOR TAKING. An unauthorized appeal does not extend the time for applying for a writ of certiorari.

Application filed in the supreme court October 20, 1914, for a writ of certiorari to review an order of the superior court for Franklin county, Mills, J., dismissing a primary election contest. Denied.

*Chas. W. Johnson,* for appellant.
*Driscoll & Leonard,* for respondent Doble.

[1]Reported in 143 Pac. 889.

Mount, J.—This is an application for a writ of certiorari to review an order of the superior court for Franklin county dismissing a primary election contest.

It appears from the affidavit of the relator that he and A. L. Doble were opposing candidates on the Republican ticket for nomination upon that ticket for the office of county commissioner for Franklin county, at the primary election which was held on September 8th. The canvassing board of Franklin county met on the 12th day of September and canvassed the returns of the primary election. These returns showed that the relator and A. L. Doble received the same number of votes for the nomination. On the 15th day of September, the canvassing board, by lot, determined that A. L. Doble was the nominee for that office, and so certified to the county auditor. Thereafter, the relator filed a contest before the judge of the superior court for Franklin county, and a trial of that contest was had. When the contestant had introduced his evidence, the court held that the evidence was not sufficient, and dismissed the contest. This judgment of dismissal was entered on September 25, 1914. Thereupon the contestant gave notice of appeal, and perfected his appeal to this court, alleging errors of the trial court in the exclusion of certain evidence. Thereafter, on the 20th day of October, the relator applied to this court for a writ of certiorari, upon the ground that his remedy by appeal was inadequate, for the reason that the general election was to be held on the 3d day of November, and that this court, in the usual course, could not hear and determine the questions involved prior to the election.

The respondent, in answer to the writ, argues that the application for a writ of certiorari comes too late. This position must be sustained. Rem. & Bal. Code, § 4829 (P. C. 167 § 329), under which the contest was initiated in the superior court for Franklin county, makes no provision for an appeal or review of any order made by the trial court. But it is argued by the relator that the statutes relating to

appeals in election contests govern. Assuming, for the purposes of this case, that such statutes do govern, we have held in *State ex rel. Davis v. Superior Court*, 62 Wash. 166, 113 Pac. 277, in construing Rem. & Bal. Code, §§ 4956, 4957 (P. C. 167 §§ 131, 133), relating to appeals in election contests, that:

"The sole purpose of the latter section is to limit the time for prosecuting an appeal to the ten days specified, and not to supersede the judgment or affect its finality in any way. The moment the judgment is entered by a court of competent jurisdiction, the certificate or commission is rendered null and void, and so continues until the judgment is vacated or set aside. The declaration that it shall become null and void if no appeal is taken within the ten days means simply that, at the expiration of that time, the judgment becomes a finality and cannot be thereafter appealed from."

So it is apparent that, if these sections govern in this case, an appeal must be prosecuted within ten days. We have also held that, where no time is fixed by statute for suing out a writ of review, the writ must be applied for within the time fixed for taking an appeal. *State ex rel. Tumwater Power & Water Co. v. Superior Court*, 56 Wash. 287, 105 Pac. 815. The writ of review in this case was not applied for until more than ten days after the time for appeal had expired. It was therefore too late. The fact that an appeal was actually taken, clearly did not extend the time for making an application for a writ of certiorari.

The writ is therefore denied.

MAIN, PARKER, and GOSE, JJ., concur.

FULLERTON, J., concurs in the result.