HOME TELEPHONE & TELEGRAPH COMPANY OF SPOKANE *v.* KUYKENDALL, AS DIRECTOR OF PUBLIC WORKS OF WASHINGTON, ET AL.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WASHINGTON.

Nos. 539 and 790. Argued April 17, 1924.—Decided May 26, 1924.

1. Upon appeal from decrees refusing an interlocutory injunction and dismissing the bill on demurrer, the court will not pass upon an issue not shown by the bill but only by an opposing affidavit used at the injunction hearing. P. 208.
2. Decided (in other respects) upon the authority of *Pacific Telephone Co.* v. *Kuykendall, ante,* 196.

Reversed.

APPEALS from decrees of the District Court refusing an interlocutory injunction and finally dismissing on de-

murrer a bill to enjoin interference with increases of telephone rates.

*Mr. Otto B. Rupp,* with whom *Mr. Frank T. Post, Mr. H. D. Pillsbury, Mr. C. M. Bracelen* and *Mr. W. V. Tanner* were on the briefs, for appellant.

*Mr. John H. Dunbar,* Attorney General of the State of Washington, *Mr. Thos. J. L. Kennedy* and *Mr. Alex M. Winston,* with whom *Mr. H. C. Brodie, Mr. J. M. Geraghty* and *Mr. E. K. Murray* were on the briefs, for appellees.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

These appeals present the same question as that just considered and decided in the appeal of the Pacific Telephone & Telegraph Company against the same appellees. The bill averred that the plaintiff was a corporation of Washington, owning and operating a telephone system in the City of Spokane and territory adjacent thereto, known as the Spokane Exchange; that on September 20, 1922, it filed with the Department of Public Works a schedule of rates by which those of 1919 as approved in that year by the Public Service Commission, the predecessor of the Department of Public Works, were substantially increased; that the Department suspended the new rates and March 31, 1923, finally denied the company its application for increase, thereby limiting it to prior rates alleged to be confiscatory in character. In detail, the bill set out the cost of the Spokane system at over four millions of dollars and its present value at $5,710,684, and averred that a fair return thereon would be 8 per cent; that the actual return therefrom had been:

|  | On cost | On fair value |
| --- | --- | --- |
| Year 1919 | 2.95% | 2.14% |
| Year 1920 | 1.79% | 1.30% |
| Year 1921 | 2.35% | 1.71% |
| Year 1922 | 3.07% | 2.28% |

and that the order of March 31, 1923, by which an increase of rates had been denied, operated to limit it to the prior rates which it alleged were and would continue to be confiscatory. The prayer was for a temporary and permanent injunction.

These appeals were heard at the same time with the two just disposed of in the *Pacific Telephone & Telegraph Co. Case, ante,* 196, and the same orders were made therein by the District Court. There is no difference in the cases except that on the motion for a temporary injunction an affidavit of the Assistant Corporation Counsel of Spokane was filed which set forth, among other reasons for denying an injunction, an ordinance of the City of Spokane of April, 1909, in which rates for telephone service by the Home Telephone Company in that city were fixed in a schedule much lower than the one said to be necessary for a fair return, and alleged that the ordinance was still in full force and effect, was a valid contract between the City and the Company, and that thus the bill of the plaintiff must fail. Upon argument and brief in this Court, counsel for the Company insist that, under the decision of the Supreme Court of Washington in *Spokane Falls Gas Light Co.* v. *Kuykendall,* 119 Wash. 107, action of the City in reducing the rates of the ordinance in 1913 and increasing them in 1919 must be held to terminate the contract of the ordinance and bring the rates within the regulation of the Public Service Commission or its successor the Department of Public Works.

It is obvious that upon this appeal we could not safely pass upon an issue raised upon an affidavit and not shown in the bill. The temporary injunction was denied and the bill was dismissed by the District Court on the same ground as that explained at length in the *Pacific Telephone & Telegraph Company Case.* For the same reasons as therein stated we must dismiss the appeal in No. 539 as

merged in No. 790 and reverse the District Court in the latter appeal and remand the case for further proceedings when, upon answer and the merits, the effect of the ordinance referred to and other questions raised in the affidavit can be fully considered.

> *Reversed and cause remanded for further proceedings in conformity with this opinion.*