[No. 19235.  Department One.  May 26, 1925.]

THE STATE OF WASHINGTON, *on the Relation of The Home Telephone and Telegraph Company of Spokane, Appellant,* v. E. V. KUYKENDALL, *as Director of Public Works, et al., Respondents.*[1]

TELEGRAPHS AND TELEPHONES (7)—VALUATION OF PROPERTY—REVIEW—CERTIORARI—TIME FOR APPLICATION. An application for a writ of certiorari to review valuation findings as a basis for telephone rates and service, made eighteen months after the order, is not timely, although the time is not fixed by statute; in view of the fact that the public service commission law, Rem. Comp. Stat., § 10428, fixes thirty days as the reasonable time for applying for a review of an order dealing with rates and service; and in view of the rule that, in the absence of statute, the reasonable time for applying for a writ of certiorari where appeal is inadequate, is held to be the same as the time for taking an appeal.

Appeal from an order of the superior court for Thurston county, Wilson, J., entered December 3, 1924, upon sustaining a demurrer to the petition, dismissing proceedings to review an order of the department of public works fixing values for rate making purposes. Affirmed.

*Otto B. Rupp, Post, Russell & Higgins, Preston, Thorgrimson & Turner,* and *Pillsbury, Madison & Sutro (W. V. Tanner,* of counsel), for appellant.

*The Attorney General* and *H. C. Brodie, Assistant (J. M. Geraghty* and *Alex M. Winston,* of counsel), for respondents.

MAIN, J.—This is an appeal from an order of the superior court of Thurston county quashing a writ of review and dismissing the proceeding.

[1]Reported in 236 Pac. 99.

The appellant operates a telephone exchange plant in the city of Spokane and the rural territory immediately adjacent thereto. On March 31, 1923, the department of public works entered an order finding the value of the appellant's property for the purpose of rate-making. On September 22, 1924, the appellant filed a petition in the superior court of Thurston county asking for a review of that order. The superior court entered an order quashing the writ and dismissing the proceeding because the application had not been timely made. It will be observed that almost eighteen months elapsed after the department made its valuation finding before the application was made for a writ of review.

The controlling question is whether the application was made in time. Section 86 of the public service commission law (Laws of 1911, ch. 117, p. 596), so far as material to this proceeding, provides:

"Any complainant or any public service company affected by any order of the commission, and deeming it to be contrary to law, may, within thirty days after the service of the order upon him or it, apply to the superior court of the county in which such proceeding was instituted for a writ of review, for the purpose of having its reasonableness and lawfulness inquired into and determined." [Rem. Comp. Stat., § 10428.]

It will be noticed that that section is general and applies to any complainant or any public service company, and requires that, if an order of the department is sought to be reviewed, the application must be made to the superior court within thirty days after the service of the order. Section 92 of the act was amended by ch. 182 of the Laws of 1913, p. 662, § 1, and as amended is § 10441 of Rem. Comp. Stat. [P. C. § 5619]. The provision of the 1913 act with respect to the review of the valuation order is the same as § 92 of the

original act [Laws of 1911, p. 601], and reads as follows:

"Any company affected by the findings, or any of them, believing such findings, or any of them, to be contrary to law or the evidence introduced, or that such findings are unfair, unwarranted or unjust, may institute proceedings in the superior court of the state of Washington in the county in which said hearing has been held, or, if held in more than one county, then in the county in which said hearing was commenced, and have such findings reviewed, and their correctness, reasonableness and lawfulness inquired into and determined."

This is the section that covers the matter of the valuation findings entered by the department. There is no provision specifying the time when the application for review of the findings must be made. There is the general provision that the company affected by the findings may institute proceedings in the superior court to have the same reviewed.

In *Spooner v. Seattle,* 6 Wash. 370, 33 Pac. 963, it was held that the writ of certiorari, or review as it is now called, is in the nature of an appeal, and where no time is fixed by the statute for making an application therefor it shall be applied for within a reasonable time after the act complained of has been done. It was there said:

"The writ of certiorari is in the nature of an appeal, and, while the statute does not fix the time within which the writ should be applied for, it should be applied for within a reasonable time after the act complained of has been done, and two years and upwards was not a reasonable time."

In condemnation proceedings the order of public use and necessity can only be reviewed by certiorari and the statute does not fix the time within which the application shall be made. The statute does provide that

an appeal from the judgment for damages must be taken within thirty days. It has been consistently held by this court that the application for the writ to review the order of public use and necessity must be made within thirty days after the entry of the order. *State ex rel. Alexander v. Superior Court,* 42 Wash. 684, 85 Pac. 673; *State ex rel. Tumwater Water & Power Co. v. Superior Court,* 56 Wash. 287, 105 Pac. 815; *State ex rel. Grays Harbor Logging Co. v. Superior Court,* 100 Wash. 485, 171 Pac. 238.

In *State ex rel. Blackman v. Superior Court,* 82 Wash. 134, 143 Pac. 889, it was held that even though the primary election law fixed no time in which a contest should be instituted, such a contest was governed by the ten days fixed under the general election laws. It was there said:

"The respondent, in answer to the writ, argues that the application for a writ of certiorari comes too late. This position must be sustained. Rem. & Bal. Code, § 4829 (P. C. 167 § 329), under which the contest was initiated in the superior court for Franklin county, makes no provision for an appeal or review of any order made by the trial court. But it is argued by the relator that the statutes relating to appeals in election contests govern. . . . So it is apparent that, if these sections govern in this case, an appeal must be prosecuted within ten days. We have also held that, where no time is fixed by statute for suing out a writ of review, the writ must be applied for within the time fixed for taking an appeal. *State ex rel. Tumwater Power & Water Co. v. Superior Court,* 56 Wash. 287, 105 Pac. 815. The writ of review in this case was not applied for until more than ten days after the time for appeal had expired. It was therefore too late. The fact that an appeal was actually taken, clearly did not extend the time for making an application for a writ of certiorari."

The time for taking an appeal from a final order affecting a substantial right in a civil proceeding is

ninety days, and if for any reason an appeal would be inadequate and certiorari is resorted to, the application for this writ must be made within the time fixed for taking an appeal. *State ex rel. Keasal v. Superior Court,* 76 Wash. 291, 136 Pac. 147; *State ex rel. Jakubowski v. Superior Court,* 84 Wash. 663, 147 Pac. 408; *State ex rel. Neal v. Kauffman,* 86 Wash. 172, 149 Pac. 656; *State ex rel. Hawksworth v. Clifford,* 130 Wash. 103, 226 Pac. 272.

It would seem to logically follow from the holdings of this court that the reasonable time in which the appellant had a right to make an application for a writ of review of the valuation order would be the same as that fixed for the review of an order dealing with rates and service, which the statute fixes at thirty days. There appears to be no reason why there should be further delay in making an application to review the valuation findings than is allowed for review of the order covering rates and services. Cases from other jurisdictions can lend little assistance upon this question, as the policy of the law for this state seems to be definitely settled by our own decisions. It is true that in the case of *State ex rel. Lowary v. Superior Court,* 41 Wash. 450, 83 Pac. 726, an application for a writ of review was entertained after the time had expired within which an appeal might have been taken, but in that case there were special circumstances which do not exist in the case now before us. It was there said:

"This court will therefore assume, for the purpose of protecting her rights, that the relator was in fact incompetent, and in view of these facts we are of the opinion that the application was timely made."

The fact, as held in *Everett v. Department of Public Works,* 125 Wash. 341, 215 Pac. 1045, that the statute with reference to the review of valuations was special

and the provision with reference to the review of rates and services is general, can make no difference in applying the holdings which this court has heretofore made with reference to the time within which a writ of review must be applied for. After the valuation findings were made by the department and within thirty days, the appellant applied to the Federal district court for injunctive relief and the matter was thereafter litigated in the Federal courts until May 26, 1924, when a decision was rendered by the United States supreme court. *Home Tel. & Tel. Co. v. Kuykendall,* 265 U. S. 206. There was a companion case, that of the *Pacific Tel. & Tel. Co. v. Kuykendall,* 265 U. S. 196, and it was in that case that the principal opinion was written. The two cases involved the same question. There is an intimation in the opinion of the supreme court that the appellant had not exhausted its remedy in the courts of this state, but we do not understand it to be there held that, under the statutes and practice of this state as defined by the decisions, the appellant might apply to the superior court of Thurston county for a writ of review more than a year after the valuation findings were made by the department.

To hold in this case that the application for a writ of review was timely made would be to depart from the rule of the cases which have heretofore been decided by this court as above indicated. The conclusion that the application was not timely made is irresistible.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, BRIDGES, and ASKREN, JJ., concur.