[No. 29182. Department Two. October 5, 1943.]

BREWSTER COOPERATIVE GROWERS, *Respondent*, v. AMERICAN FRUIT GROWERS, INC., *et al., Appellants,* UNITED STATES OF AMERICA, *Intervener.*[1]

*D. A. Shiner* and *Chas. A. Johnson,* for appellants.

*Crollard & O'Connor* and *R. E. Mansfield,* for respondent.

MALLERY, J.—The respondent, Brewster Cooperative Growers, has moved to dismiss the appeal of the appellants American Fruit Growers, Inc., a corporation, and Glens Falls Indemnity Company, a corporation, in this action, upon the ground that the United States of America, intervener in the action, was not served with any notice of appeal herein.

Respondent, Brewster Cooperative Growers, brought suit against the appellant American Fruit Growers and against the appellant Glens Falls Indemnity Company, the surety on American Fruit Growers' commission merchants bond, to recover the sale price of several carloads of apples sold by the respondent to American Fruit Growers for various growers who marketed their fruit through the Brewster Cooperative. The appellants cross-complained

[1]Reported in 141 P. (2d) 871.

for damages for breach of contract. The United States of America, by complaint in intervention, claimed mortgages on the crops of several of the growers whose fruit was included in the sale. Respondent made its reply to the complaint in intervention and appellants also replied to the same.

The intervener, at the time of trial in the lower court, by telephone request sought to continue the case, and the trial court stated he would proceed with the trial, and, if a controversy developed between the respondent and intervener as to the amount of its mortgages against the respective growers' crops, the court would, if necessary, hold a further hearing. Subsequently, respondent and intervener entered a stipulation determining the amounts owing to intervener on its mortgages on each separate grower's fruit, totaling $6,195.33, plus interest, and the contents of the stipulation were carried into the findings, conclusions, and judgment, as follows:

"It Is Further Ordered, Adjudged and Decreed that the intervenor, United States of America, is adjudged to have a lien upon the amounts awarded to the plaintiff to the amount of $6195.33 plus interest to August 31, 1942 in the sum of $466.85 plus interest on said principal amount from August 31, 1942 at the rate of 4% per annum, and is entitled to receive said portion and proportion of the total judgment awarded in favor of the plaintiff against the defendants, American Fruit Growers Inc. and Glen Falls Indemnity Company, such sum as received by intervenor to be credited by it, as mortgagee, to the respective crop mortgage indebtednesses as enumerated in the Court's Findings in this action."

Appellants' notice of appeal is directed only to Brewster Cooperative Growers, and states that appellants each "does hereby appeal to the Supreme Court of the State of Washington from each and every part of that certain judgment and decree made and entered herein by the Court on the 7th of May, 1943."

It would therefore appear that, if the appellants were to prevail upon their appeal, the intervener would lose its

interest in the judgment for the amount owed to it on its mortgages and the security of the mortgages would thereby be lost, since they covered the fruit involved in the action.

That the intervener has an appealable interest in the action cannot be doubted. The extent of the participation of the intervener in the trial is of no significance. It was a party to the action and its rights were determined and included in the judgment from which the appeal is taken.

Remington's Revised Statutes, § 1720 [P. C. § 7294], provides that the notice of appeal shall be served "upon all parties who have appeared in the action or proceeding."

■ This statute has been construed by this court in numerous decisions, all of which hold that, if the party to the action, who was not given notice of appeal, could be affected by the decision rendered in the appeal, such party to the action is a necessary party to the appeal and must be served with the notice thereof. See *State v. Williams*, 5 Wn. (2d) 419, 105 P. (2d) 723; *United Truck Lines v. Department of Public Works*, 181 Wash. 318, 42 P. (2d) 1104; *Deno v. Standard Furniture Co.*, 190 Wash. 1, 66 P. (2d) 1158; *Edwards v. Bounds,* 18 Wn. (2d) 836, 140 P. (2d) 963.

The motion is granted.

SIMPSON, C. J., MILLARD, BLAKE, and ROBINSON, JJ., concur.