[No. 1088-1.    Division One—Panel 1.    March 12, 1973.]

DWIGHT ANDRUS, *Appellant*, v. COUNTY OF SNOHOMISH et al., *Respondents.*

*Bell, Ingram, Johnson & Level* and *Lewis A. Bell,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney,* and *Eugene Butler, Deputy,* for respondents.

CALLOW, J.—Dwight Andrus appeals from the superior court's refusal to grant a writ of certiorari by which he sought review of the Snohomish County Board of Adjustment's decision to grant one Robert Crow a conditional use permit to establish a motorcycle race track. The issues raised concern the timeliness of the application for issuance of the writ, the service of process and the question of indispensable parties.

The board of adjustment granted the permit on April 29, 1970, and Andrus made application to the superior court for a writ of certiorari on May 4, 1970. An alias writ was granted directing the secretary of the board of adjustment to certify a return on or before August 1, 1970. The alias writ, styled as "DWIGHT ANDRUS VS. COUNTY OF SNOHOMISH AND ITS BOARD OF ADJUSTMENT" was served on the Snohomish County auditor on May 7, 1970. These pleadings were not served on the board of adjustment or upon its secretary who was designated in the body of the writ. No return was filed as required, and the board of adjustment appeared specially moving to dismiss the writ on the grounds that there was insufficient service of process, that Robert Crow was an indispensable party and had not been served and that a claim had not been stated upon which relief could be granted because Andrus had failed to show standing. The court quashed this initial writ on September 14, 1970, for insufficiency of service of process.

The next day, Andrus secured an order to show cause why the writ should not be granted, filed and directed to "COUNTY OF SNOHOMISH and ITS BOARD OF ADJUSTMENT; and the CLERK THEREOF, ONE ROBERT KNIGHT, and ROBERT SHRIBER, the Chairman thereof." This order was filed under

the same cause number as the original writ and was served upon the secretary and chairman of the board of adjustment and the county auditor on September 15, 1970. Robert Crow was never named as a party to these proceedings nor served with process of any kind. A hearing was held on September 22, 1970, as to whether the writ should issue; and on September 22, 1970, the action was dismissed for failure of proper service of process on the board of adjustment. The assignment of error raised by the appellant is to the entry of this order of dismissal.

The application for the writ of certiorari initially was timely filed within 10 days of the grant of the permit. The Snohomish County Code § 18.88.150 reads:

> The order of the Board of Adjustment on an application for a variance, conditional use permit . . . shall be final and conclusive unless within ten days from the date of the action, the original applicant or an adverse party files an appeal to the Superior Court for a writ of certiorari, a writ of Prohibition or a writ of mandamus . . .

This section is consistent with RCW 36.70.890, which states in part:

> The action by the board of adjustment on an application for a conditional use permit . . . shall be final and conclusive unless within ten days from the date of said action . . . an adverse party makes application to a court of competent jurisdiction for a writ of certiorari, . . .

A writ of certiorari may be granted, without notice, under RCW 7.16.050 which states:

> The application must be made on affidavit by the party beneficially interested, and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice.

In any event, the writ that was issued on the original application was served only upon the county auditor. Service must be pursuant to RCW 7.16.100:

> The writ may be served as follows, except where dif-

ferent directions respecting the mode of service thereof are given by the court granting it:

(1) Where it is directed to a person or persons by name or by his or her official title or titles, or to a municipal corporation, it must be served upon each officer or other person to whom it is directed, or upon the corporation, in the same manner as a summons.

It must be directed under the provisions of RCW 7.16.060:

The writ may be directed to the inferior tribunal, board or officer, or to any other person having the custody of the record or proceedings to be certified. When directed to a tribunal the clerk, if there be one, must return the writ with the transcript required.

Here the alias writ as first issued was directed to the "COUNTY OF SNOHOMISH AND ITS BOARD OF ADJUSTMENT" in its title and to the "COUNTY OF SNOHOMISH and its BOARD OF ADJUSTMENT and the Secretary thereof" in the body of the writ, commanding the certification and return of the full transcript of the proceedings and hearings leading up to the issuance of the conditional use permit. The writ was required by RCW 7.16.060 to be directed to the board or person having the custody of the records or proceedings to be transcribed and certified. It was properly directed but was served, not as required by RCW 7.16.100 upon those to whom it was directed, but instead upon only the county auditor. The auditor did not have custody of the records and could not be required or expected to prepare a transcript thereof or file a return pursuant to the writ. Therefore, the service of this writ failed, and the trial court properly quashed the initial writ on September 14, 1970.

Undaunted, the appellant proceeded the following day pursuant to the alternative route permitted under RCW 7.16.050 by way of an order to show cause. The order was executed and served, as previously indicated, nearly 5 months after the granting of the conditional use permit. The questions presented on appeal arise from the dismissal of the action because of failure of proper service of this order to show cause. An order was secured by the appellant

staying the issuance of the conditional use permit upon the filing of a supersedeas bond.

[1] The appellant timely applied for the writ of certiorari initially on May 4, 1970, as required by § 18.88.150 of the Snohomish County Code and RCW 36.70.890. In *Pierce v. King County*, 62 Wn.2d 324, 333, 382 P.2d 628 (1963), we find:

> [W]here certiorari is taken from an inferior court to a superior court, the time within which certiorari must be brought shall be determined by the time allowable for an appeal as prescribed by statute or rule of court. . . . this rule is limited to cases arising in the courts, or in other judicial proceedings, where the direct notice of the pendency thereof to the parties involved is jurisdictional. Service of process and notice of the pendency of the action are indeed the *sine qua non* of due process and, hence, are jurisdictional in judicial proceedings. This rule of timeliness should not apply to a review of a zoning regulation.
>
> Indeed, even in a case arising from the courts, the rule that limits certiorari to the time within which an appeal could have been taken did not govern. In *State ex rel. Lowary v. Superior Court*, 41 Wash. 450, 83 Pac. 726, review of an order appointing a guardian for an incompetent person was sought by certiorari more than a year after the order had issued. . . . We held that certiorari was not only a proper remedy, but it was not subject to the defense of laches.
>
> In considering laches, estoppel, waiver and other equitable defenses, the rules governing the timeliness for commencement of certiorari to review a judicial proceeding do not apply to a review of the acts of public authorities having the power to adopt and promulgate zoning regulations.

*See also Reagles v. Simpson*, 72 Wn.2d 577, 586, 434 P.2d 559 (1967); *State ex rel. L.L. Buchanan & Co. v. Washington Pub. Serv. Comm'n*, 39 Wn.2d 706, 237 P.2d 1024 (1951); *Spooner v. Seattle*, 6 Wash. 370, 33 P. 963 (1893).

RCW 7.16.330 gives the court issuing a writ of certiorari the power to make it returnable and hold a hearing thereon at any time. RCW 7.16.340 applies the procedures in civil

actions to writs of certiorari unless specific provisions of RCW 7.16 are contrary. CR 6(b) grants to the superior court the discretion to enlarge a time of performance requirement in a court order, not performed within the time specified because of excusable neglect, when a motion is made for enlargement after the expiration of the specified period. We read the record before us as presenting such a motion to the trial court. He had discretion to enter the "Order to Show Cause Why Writ Should Not Be Granted" on September 15, 1970, which recited that "there may be sufficient grounds for such a Writ to issue[.]" When the trial court permitted presentation of the order to show cause after the failure of service of the initial alias writ, his exercise of discretion was within the spirit of *Pierce v. King County*. Service of that order was then made upon the appropriate persons and officers to whom it was directed and complied with the statutory requirements of RCW 7.16.060 and 7.16.100.

■ The grantee of the conditional use permit, Robert Crow, was never served with either the initial writ or the order to show cause. This order was within the bounds of RCW 7.16.050, and we must ascertain whether the appellant having chosen to pursue the second of the three procedural choices of that statute should have served the party who would be most affected by the granting of the writ.

*Sumner-Tacoma Stage Co. v. Department of Pub. Works,* 142 Wash. 594, 254 P. 245 (1927), was concerned with judicial review of a decision of an administrative body pursuant to certiorari. It sets forth the format within which we consider the instant question as follows at page 596:

> Our statutes are practically silent as to who should be parties in a review proceeding of this character. . . . Although the statute does not expressly provide who shall be parties to the review matter, or that the application for the writ or the writ itself shall be served upon any persons in particular, inasmuch as only the department of public works is the keeper of the record and it only could certify that record to the court, it is manifest that it is a necessary party. But was the Shields Trans-

portation Company also a necessary party, and was it entitled to notice of the review proceedings before its rights could be affected? We are of the opinion it was. It was the successful party before the department. Its application had been granted. It had thus acquired valuable rights which could not be taken from it without its having its day in court. This it has not had. The judgment may have been binding on the department, but that would not accomplish anything.

. . .

The authorities on this question are neither as numerous nor as satisfactory as one would expect. The text books, for the most part, lay down the rule that in review or certiorari proceedings all persons in interest should be made parties, or, at any rate, given such notice as that they have an opportunity to appear. . . .

. . .

. . . we do decide that the judgment made by the court in that proceeding was in no sense binding upon the Shields Transportation Company and could not take away the rights that had been given to it. Unquestionably the better practice would be, in all cases such as this, to make all persons in interest parties to the review proceedings; or, in any event, if they are not made parties, they should be given notice of the proceeding and an opportunity to appear and be heard; otherwise, their rights are unaffected.

The purpose of certiorari is to review the judicial actions of inferior tribunals where there is no appeal nor any plain, speedy and adequate remedy at law. RCW 7.16.030, .040. *See also Berman v. Urquhart,* 48 Wn.2d 85, 291 P.2d 655 (1955). The remedy seeking review where certiorari rather than appeal is the appropriate procedural course partakes of many of the aspects of an appeal since it stands in the place and stead of an appeal. *Braman v. Kuper,* 51 Wn.2d 676, 321 P.2d 275 (1958), held that an appeal would be dismissed if a party whose interest could be adversely affected by the decision had not been given notice; and *Brewster Cooperative Growers v. American Fruit Growers, Inc.,* 19 Wn.2d 131, 141 P.2d 871 (1943), reasoned that if a party could be affected by the decision rendered in an

appeal such party was a necessary party and must be served with notice.

The decisions of other jurisdictions are divided as to whether the affected party is indispensable to the proceedings when review of the administrative board's action is sought by certiorari. We are persuaded that the affected party is indispensable and that the appellant having chosen to secure an order to show cause why certiorari should not be allowed was then required to serve the grantee of the conditional use permit, the affected party. The trial court could not enter any decree without affecting the rights of the successful party before the board of adjustment; and as such, he was an indispensable party to the review. *Hennigh v. Board of County Comm'rs*, 168 Colo. 128, 450 P.2d 73 (1969); *Shulman v. Zoning Bd. of Appeals*, 143 Conn. 182, 120 A.2d 550 (1956); *Noblitt v. Metropolitan Planning Comm'n*, 136 Ind. App. 625, 190 N.E.2d 665 (1963); *State ex rel. Vieux Carre Property Owners & Associates, Inc. v. Board of Zoning Adjustments*, 197 So. 2d 691 (La. App. 1967); *Stokes v. Lawrence*, 111 N.J. Super. 134, 268 A.2d 10 (1970); 2 C. Rathkopf, *The Law of Zoning & Planning* § 5, at 63-28 (3d ed. 1972); 8A E. McQuillin, *Municipal Corporations* § 25.318 (3d ed. 1965); 101 C.J.S. *Zoning* § 352 (1958).

The trial court properly found that there was a failure of service. The claim that Robert Crow was an indispensable party and his interest in the proceedings were raised by the challenge to the initial writ. When later the order to show cause was served, again this indispensable party was ignored. The dismissal of the action was appropriate. *Sumner-Tacoma Stage Co. v. Department of Pub. Works, supra.* Our decision obviates discussion of other matters.

The judgment is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.