[Nos. 2519–3; 2520–3; Division Three. October 17, 1978.]
2612–3.

VERADALE VALLEY CITIZENS' PLANNING COMMITTEE, ET AL,
*Appellants*, v. BOARD OF COUNTY COMMISSIONERS
OF SPOKANE COUNTY, ET AL, *Respondents*.

VERADALE VALLEY CITIZENS' PLANNING COMMITTEE, ET AL,
*Appellants*, v. BOARD OF COUNTY COMMISSIONERS
OF SPOKANE COUNTY, ET AL, *Respondents*.

*Bruce L. Ireland,* for appellants.

*Donald Brockett, Prosecuting Attorney, Jerry Neal, Deputy, Fish & Schultz, Stanley R. Schultz, Robert D. Waldo,* and *Robert J. McKanna,* for respondents.

McINTURFF, J.—This is an action to review a decision of the Board of County Commissioners of Spokane County, Washington. Three cases have been consolidated for purposes of review, and involve similar legal issues concerning necessary and indispensable parties and the statutory time period for review. This appeal follows a dismissal by the trial court for failure to join an indispensable party.

The appellants, the Veradale Valley Citizens Planning Committee, Phyllis Lamb and Julie Coelho, brought three separate actions by writ of certiorari to challenge the zoning and plat decisions made by the Board of County Commissioners of Spokane County (Board). This appeal concerns three residential subdivisions known as Si's Subdivision, Sullivan Way, and Cherry Blossom Addition.

## Si's Subdivision and Sullivan Way

Plat sponsors, Silas Bates and J. Brent McKinley, were successful applicants before the Spokane County Planning Commission and Board of County Commissioners. Following the granting of preliminary and final plat approval for Sullivan Way and Si's Subdivision in December 1976, and January 1977, respectively, the appellants made timely applications for review of the Board's decisions by writ of

certiorari. The Board was named as the respondent and timely served. Critical to this decision, plat sponsors Bates and McKinley were not named as respondents to the review proceedings, nor were they served with process. In March, the appellants did advise Messrs. Bates and McKinley of the pending litigation by letter. Mr. Bates responded by advising the appellants that they were proceeding without him; however, the appellants refused to join him.

The Board urged that the appellants be compelled to serve all parties who would be affected by the review. The appellants denied the necessity of joining the plat sponsors. Subsequently, the Board moved to dismiss for failure to join an indispensable party. At that point, several months following the deadline for filing an application for writ of certiorari, the appellants attempted to perfect service of process on plat sponsors Bates and McKinley. The court found that the prejudice involved precluded the joinder of Messrs. Bates and McKinley following the lapse of the statutory 30–day period for review (RCW 58.17.180).

### CHERRY BLOSSOM ADDITION

J. Brent McKinley was also the plat sponsor and successful applicant for plat approval and zone reclassification of the subdivision known as Cherry Blossom Addition. The appellants made a timely application for review by certiorari in April 1977. In this instance, contrary to the Si and Sullivan Way actions, Mr. McKinley, as the plat sponsor, was named as a necessary party. However, neither the property owners, Mr. and Mrs. J. R. McKinley, parents of J. Brent McKinley, nor Farmers & Merchants Bank, the beneficiary under a deed of trust, were joined or served with notice of the proceedings. Following the application for review, the appellants learned that Mr. Woolf had obtained building permits for all the lots in the Cherry Blossom Addition.

Several months later, a motion to dismiss was made for failure to name or serve the vested owners of the property. Mr. Woolf, the home builder at Cherry Blossom Addition,

made a motion to intervene and a similar motion to dismiss. The court found the property owners and deed of trust beneficiary to be necessary parties, but refused to order their joinder because the 30–day period for review had expired.

## NECESSARY AND INDISPENSABLE PARTIES

Initially we must determine whether a property owner, whose land is the subject matter of a zoning decision, is a necessary and indispensable party to an appeal filed pursuant to RCW 58.17.180. It provides:

> Any decision approving or disapproving any plat shall be reviewable for unlawful, arbitrary, capricious or corrupt action or nonaction by writ of review before the superior court of the county in which such matter is pending. The action may be brought by any property owner in the city, town or county having jurisdiction, who deems himself aggrieved thereby: *Provided, that application for a writ of review shall be made to the court within 30 days from any decision so to be reviewed.*

(Italics ours.) The due process clause of the constitution and our Superior Court Civil Rules determine the result.

 Procedural due process requires that an individual have notice and an opportunity to be heard before he can be deprived of an established property right. Const. art. 1, § 3.[1] It follows that a person who has acquired a valuable property right as a result of a favorable zoning administration decision must be given notice when judicial review of that decision is sought.[2]

We considered the following factors in reaching this result. (1) The successful property owner–applicant is a

---

[1] *Esmieu v. Schrag*, 15 Wn. App. 260, 265, 548 P.2d 581 (1976), *affirmed*, 88 Wn.2d 490, 563 P.2d 203 (1978).

[2] *Andrus v. County of Snohomish*, 8 Wn. App. 502, 507, 507 P.2d 898 (1973); *Hennigh v. Board of County Comm'rs*, 168 Colo. 128, 450 P.2d 73 (1969); *State ex rel. Vieux Carre Property Owners & Assocs. v. Board of Zoning Adjustments*, 197 So. 2d 691 (La. Ct. App. 1967); *Stokes v. Township of Lawrence*, 111 N.J. Super. 134, 268 A.2d 10 (1970).

necessary party because he is "most affected" by the granting of the writ of review, and he should be a party to any proceeding, the purpose of which is to invalidate or affect his interests. *Andrus v. County of Snohomish,* 8 Wn. App. 502, 507–08, 507 P.2d 898 (1973). (2) As a quasi–judicial body, a zoning board has no legal interest in the ultimate decision, but represents the public interest, and is primarily concerned with assisting the court to make a proper judgment. *Sumner–Tacoma Stage Co. v. Department of Public Works,* 142 Wash. 594, 597, 254 P. 245 (1927). By contrast, a property owner would have a very real interest in opposing the demands of others who seek to reverse the decision of the zoning board on appeal. (3) There is nothing in the statutes concerning the writ of certiorari to indicate that an adversary proceeding is not contemplated.[3] (4) A judgment made by the court in a review by certiorari would not be binding upon the property owners who were not made parties, and it, therefore, could not take away the property interests they have established under our zoning laws. *Sumner–Tacoma Stage Co.,* at 600.

The concept of procedural due process is also embodied in our Superior Court Civil Rules. According to the appellants, the property owners are not "parties needed for a just adjudication" within the meaning of CR 19(a) because (1) they were not present at the plat approval and zone reclassification proceedings and (2) any judgment rendered on review will not affect "title" to the property but only the "uses" to which it will be put. We disagree.

CR 19(a) sets forth the guidelines to consider regarding the joinder of persons needed for a just adjudication.[4] CR

---

[3]See RCW 7.16.030–.140.

[4]CR 19(a):

"A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that

19(a)(1) requires joinder when, in the absence of an interested person, complete relief cannot be accorded among those who are already parties. Here, complete relief cannot be obtained when the Board is the only named respondent. First, the Board has no property interest in the outcome of this case since it is a quasi–judicial body. *Parkridge v. Seattle,* 89 Wn.2d 454, 460, 573 P.2d 359 (1978). Second, any judgment rendered by the court would be ineffectual as far as Mr. and Mrs. McKinley, the unserved and unnamed property owners, are concerned. Nor would the judgment be binding on the homeowners who have since bought homes in the subdivisions at issue. *Sumner–Tacoma Stage Co.,* at 600. Furthermore, we find it inaccurate to say that the Board's decision can be reversed without the joinder of the property owners because they were not present at the proceedings below. Final plat approval cannot be obtained unless a certificate is filed showing that the plat was drawn and submitted with the full consent of the property owners. RCW 58.17.165.[5] The interests of the property owners were actively represented before the Planning Commission and the Board. Final plat approval was the result of the constructive if not physical presence of Mr. and Mrs. McKinley.

We find that joinder of the property owners is also mandated under CR 19(a)(2)(A).[6] Joinder is required when a

---

interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

[5] "Every final plat . . . filed for record must contain a certificate giving a full and correct description of the lands divided as they appear on the plat or short plat, including a statement that the subdivision or short subdivision has been made with the free consent and in accordance with the desires of the owner or owners."

[6] See footnote 4.

person claims an interest in the subject matter of the action and is so situated that the disposition of the action in his absence may impede his ability to protect that interest. Here, the property owners have a special interest in this proceeding because their property is the subject matter of the lawsuit. We are not persuaded by appellants' argument that joinder is not required because the review proceedings will not affect title to property but only the uses to which it may be put. While judicial review of final plat approval for a given piece of property may not affect title to that property, it is undeniable that the property owners have made substantial improvements in reliance upon the use authorized by the plat approval; and therefore its value may be affected.

Ordinarily, joinder of additional defendants should be permitted; however, granting such relief in this instance would have the effect of extending the time period for review. Where the time period has run, making joinder not feasible, the court must then determine under CR 19(b)[7] whether in equity and good conscience the action should nevertheless proceed or should be dismissed.

Here, the factor of prejudice leads us to conclude that the action was properly dismissed. The property rights of many people are at stake here since new home construction at all three subdivision sites is now complete.[8]

---

[7]"If a person joinable under (1) or (2) of subdivision (a) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

[8]The appellants also addressed the issue of the necessity of joining the beneficiary under a deed of trust where the beneficiary's security is the subject matter of

## NOTICE—SUFFICIENCY

■■ With regard to the plat sponsors, the appellants do not deny their status as necessary parties but instead argue that they received sufficient actual, although informal, notice of the pendency of the action so that their legal joinder was unnecessary. This argument is without merit.

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 873, 70 S. Ct. 652 (1950). In addition to the requirements of the due process clause, statutory service requirements are also necessary in order for the court to finally adjudicate a dispute. Even though the plat sponsors had actual knowledge of this pending litigation, "such notice standing alone is insufficient to impart the statutory notice required to invoke the court's in personam jurisdiction." *Thayer v. Edmonds*, 8 Wn. App. 36, 40, 503 P.2d 1110 (1972). The plat sponsors' knowledge of the pendency of this action, brought only against the Board of County Commissioners, imposed no duty to intervene. *Interior Warehouse Co. v. Hays*, 91 Wash. 507, 512, 158 P. 99 (1916). Thus, in the absence of formal notice, a property owner can rely upon the apparent finality of a zoning decision, and could not be prejudiced thereby in making substantial improvements upon his property.

## RELATION–BACK DOCTRINE OF CR 15(c)

The appellants next ask: If the landowners and plat sponsors are found to be necessary parties, can they be

---

a proceeding to review a zoning decision. In this connection, we note the statement in *Sumner–Tacoma Stage Co.*, at 600:

> Unquestionably the better practice would be, in all cases such as this, to make all persons in interest parties to the review proceedings; . . .

joined at this time under the relation–back doctrine pursuant to CR 15(c)?[9]

> An amendment changing the party against whom a claim is brought relates back to the date of the original pleading if (1) the amended pleading arose out of the transaction set forth in the original pleading; (2) the new party received notice of the action within the statute of limitations; (3) the new party has received such notice that he will not be prejudiced in maintaining a defense on the merits; and (4) the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*Lind v. Frick,* 15 Wn. App. 614, 616, 550 P.2d 709 (1976).

Any person aggrieved by a decision granting plat approval may seek a review of that decision provided the application for writ of review is filed within 30 days. RCW 58.17.180. Here, the plat sponsors were not served until several months after the 30–day review period, and the landowners were never served. Thus, we are faced with a question of the propriety of relation–back and the introduction of new parties after the 30–day period for review has lapsed.

Generally new parties may not be introduced because of the obvious prejudice to the added party in exposing him to liability after the running of the statute of limitations. *DeSantis v. Angelo Merlino & Sons, Inc.,* 71 Wn.2d 222, 224, 427 P.2d 728 (1967). However, an exception has developed when the new and old parties have such an identity of interest that it can be assumed, or proved, that relation–back is not prejudicial. The rationale for this doctrine is

---

[9]"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

that the statute of limitations should not be used mechanically to prevent adjudication of a claim where the true parties in interest were sufficiently asserted to the proceedings or were involved in them unofficially from an early stage. 3 J. Moore, *Federal Practice* ¶ 15.15 [4.–1] (1978).

Washington cases applying this exception and allowing a substitution of parties after the running of the statute of limitations have involved cases of mistaken capacity, misnomer, or mere oversight. *Lind v. Frick, supra; DeSantis v. Angelo Merlino & Sons, Inc., supra.* The relation–back doctrine is inapplicable under these facts. First, the appellants are attempting to introduce and not substitute a new party to the proceedings long after the statutory time period for review has passed. Second, the appellants were not misled as to the identity of either the plat sponsor or the landowner. Instead, as the trial court found, the appellants' failure to join these necessary parties was the product of deliberate strategy. The trial judge noted:

> This is not a case of merely using an inaccurate name, nor of difficulty in identifying proper parties. Petitioners intentionally made no efforts to join any landowners as defendants. It was not a case of neglect, excusable or otherwise, but of apparently deliberate strategy. Perhaps petitioners believed mere filing of the action would accomplish their goals; perhaps they hoped to avoid a bond, perhaps some other reason existed for their choice. Whatever the motive, they made a conscious decision.

Their conscious decision, strategy, or tactic is further exemplified by the appellants' seeming inconsistent position at trial to the effect that the developers were not within the court's jurisdiction,[10] whereas now they contend to the contrary. Finally, the factor of prejudice cannot be discounted since all three subdivision sites are now complete. Thus, we conclude that the relation–back doctrine under CR 15(c) is not available.

---

[10]Appellants made this statement in opposition to a stay order requirement that two bonds be posted in the amount of $100,000 each.

## APPLICABILITY OF THE TENTATIVE COMMENCEMENT THEORY

Appellant next assigns error to the court's failure to apply the tentative commencement theory of *Citizens Interested in the Transfusion of Yesteryear v. Board of Regents,* 86 Wn.2d 323, 544 P.2d 740 (1976). The appellants maintain that by filing the application for writ of certiorari and serving the order to show cause on the county officials within the applicable 30–day period, there was sufficient tentative commencement to toll the running of the statute of limitations as to the plat sponsor. We agree with the court in *Vance v. Seattle,* 18 Wn. App. 418, 421 n.2, 569 P.2d 1194 (1977), where it expressed doubt as to the applicability of RCW 4.16 to special proceedings "such as the common–law writs of certiorari, mandamus, et cetera."

The purpose of the 30–day limitation period of RCW 58.17.180 is to give finality to actions on zoning matters. *Deschenes v. King County,* 83 Wn.2d 714, 717, 521 P.2d 1181 (1974). If there is no finality to the actions on zoning matters, no landowner would ever be safe in proceeding with the development of his property. The statute does not make any exception to the 30–day limitation period, and to make an exception here would defeat its purpose.

Finally, the appellants assign error and allege that the court abused its discretion in refusing to enlarge the time limits for bringing in persons deemed to be necessary parties as authorized by CR 16(b). We find no error. CR 16(b) authorizes the enlargement of time in the discretion of the court for cause shown. In this case, the 30–day limitation period of RCW 58.17.180 has long since passed and according to the finding of the trial court, which we accept, appellants' delay was not the product of excusable neglect.

The judgment of the Superior Court is affirmed.

MUNSON, C.J., and ROE, J., concur.