50 N.J. Super. 102 (1958)
141 A.2d 134
JOHN E. DONOVAN AND MARY DONOVAN, HIS WIFE, PLAINTIFFS,
v.
CITY OF NEW BRUNSWICK, N.J., ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 28, 1958.
*103 Mr. Geza Stamberger, attorney for the plaintiff.
Mr. Joseph J. Takacs, attorney for all defendants, except the defendant, James J. McCourt.
Messrs. Messina & Arico, attorney for the defendant, James J. McCourt.
*104 VOGEL, J.S.C.
The issue in this case arises out of a complaint filed by two resident taxpayers of the City of New Brunswick, citing the local governing body, the planning board, the city clerk, building inspector, James McCourt, and Charles Ujvary.
A factual summary indicates that McCourt made application to the planning board for approval of a subdivision plat involving a plot of ground being designated in the first ward of the City of New Brunswick, at the corner of Cotter Drive and Clifton Avenue, delineated on the city tax map as Lot 5, block 725, class "A" residence district. A sketch accompanying the application prescribes that the area involved has a frontage of 116 feet on Cotter Drive, and a depth of 102 feet. It is proposed by this application to divide this property into two lots of approximately 58 by 102 feet each, and to construct two dwellings thereon, one approximately 37 feet across the front and the other approximately 38 feet across the front, both dwellings to front on Cotter Drive, which is a dead end street. The sketch also indicates that the location of the proposed dwelling on that portion of the lot nearest Clifton Avenue would have its building line within 14 feet of Clifton Avenue.
The minutes of the city planning board disclose that at a special meeting of the planning board held in the city hall of New Brunswick on April 5, 1957, an application by McCourt for a minor subdivision was approved. These plaintiffs became apprised of the action taken by the planning board on August 19, 1957, and in concert with other residents in the area appeared at a public meeting of the city commissioners on August 20, 1957, objecting to the approval heretofore taken by the planning board, at which time they were advised that the local governing body had no jurisdiction in the matter, and that the action of the planning board was dispositive, and that the only remedy available to these plaintiffs was resort to the courts.
The plaintiffs contend that the action taken by the planning board violates the zoning ordinance with respect to setback requirements; that the full membership of the subdivision *105 committee failed to approve the application at the public meeting; that no public notice was given, either as to the purpose of the meeting or the findings; that the action of the planning board in approving the subdivision under review would jeopardize property values in permitting the construction of two dwellings on one lot, thereby disturbing the neighborhood scheme; and further, that the action taken by the planning board was in contravention of the statute.
The defendants contend that the land subdivision ordinance of New Brunswick reflects a valid exercise of its powers; the action of the planning board in approving the application for a minor subdivision was a valid exercise of the powers granted to it by the subdivision ordinance. Further, that there is no application on file with the building inspector for a building permit; that the complaint was not filed within the time limits of R.R. 4:88-15; that the plaintiffs have failed to exhaust their administrative remedies prior to the filing of the complaint; estoppel on the basis of knowledge by the plaintiffs of action taken by the planning board.
The defendant McCourt filed a separate answer in which he seeks to have the complaint dismissed on reaffirmation of the defenses alleged in the answer by the local governing body; but asserts separate defenses alleging that the State of New Jersey, through the Attorney-General, should have been made a party; that he, McCourt, acquired a vested right by reason of the plat approval by the planning board, and further, that he has complied with the provisions of the rules and regulations of the municipality in connection with the application.
This matter is now before the court on cross-motions for summary judgments, and the immediate question for resolution is a determination as to whether the complaint was filed within the time limit prescribed by R.R. 4:88-15.
The factual situation, upon which there is no disagreement, indicates that the approval by the planning board occurred April 5, 1957, and that the complaint was filed August 20, 1957. The language of R.R. 4:88-15(b)(3) *106 provides that "No proceeding in lieu of prerogative writ shall be commenced * * * to review any determination of a planning board * * * after 45 days from the publication of a notice once in the official newspaper of the municipality or a newspaper of general circulation in the municipality * * *." The documentary proof produced herein does not reveal any publication as prescribed by the rule, and therefore the court concludes that this complaint is not barred.
The next issue for determination involves the question, "Does the land subdivision ordinance of the City of New Brunswick give the planning board the power to waive notice and hearing in considering a minor subdivision in accordance with the statutory mandate?"
N.J.S.A. 40:55-1.14 grants to the municipality the right to provide by ordinance for the regulation of subdivisions within the municipality, and applies standards which the local ordinance must conform, to comply with the provisions of the statute. In addition to the aforesaid statutory provision, consideration must be given to N.J.S.A. 40:55-1.15, which provides:
"A planning board may be empowered by the subdivision ordinance to waive full notice and hearing and favorable referral by a majority of the board on a subdivision if no new street is shown and if a subdivision committee of the planning board appointed by the chairman with the approval of the board unanimously find no cause for review by the entire board or for unfavorable action upon the subdivision and such finding shall be deemed to be favorable approval or referral by the planning board."
The defendant City of New Brunswick, pursuant to the aforementioned statute, enacted two ordinances, both of which were adopted on June 15, 1954, in order to confer upon the municipality authority to act concerning subdivisions. The one ordinance enacted by the municipality on June 15, 1954, was a land subdivision ordinance setting forth therein the standards as contained in the statutory language of N.J.S.A. 40:55-1.14 and 1.15. In furtherance of the land subdivision *107 ordinance the City further adopted, on June 15, 1954, the additional ordinance entitled:
"An Ordinance for the continuation of the Planning Board of the City of New Brunswick, County of Middlesex and State of New Jersey, serving as a Zoning Commission; and the approval agency of subdivision plats; for municipal planning purposes, in accordance with Chapter 433 of Laws of 1953."
Section 7 of the above mentioned ordinance more specifically provides as follows:
"7. In accordance with Sections 14-25 inclusively of the Laws of 1953, Chapter 433, the Planning Board is hereby expressly designated as the official agency to administer the provisions of the Land Subdivision Ordinance of the City of New Brunswick; including the granting of final approval of Subdivision Committee in accordance with Section 15 of the above mentioned laws."
Municipal bodies have no powers other than those delegated by the Legislature, and must perform their prescribed activities within the statutory ambit. When the Legislature precisely prescribes how a municipality may exercise its statutory powers, by a procedure set forth in the statute, the prescribed procedure is a direction to the municipality which it may not ignore, or a court circumvent by liberal construction of the statute.
The above principles have been enunciated repeatedly by our courts, notwithstanding an awareness of Article IV, Section VII, paragraph 11 of the New Jersey Constitution, adopted in 1947, providing for the liberal construction of statutory provisions concerning municipal corporations.
Thus we are faced with the question: "Was the language in the ordinance a grant that empowered the planning board to waive hearing before approval?"
The former Municipal Planning Act, since repealed, required a hearing before plat approval, with no provision for waiver of hearing, present in N.J.S.A. 40:55-1.15. N.J.S.A. 40:55-1.3 provides the governing body may by ordinance grant any of the powers exercisable by a planning board, to a planning board; but no particular power may *108 be exercised until expressly granted by ordinance and until compliance is made with the conditions (our emphasis), standards, procedures and regulations enumerated in the sections describing such power.
It is at once evident that the above cited statutory language granted to the municipality the right to delegate to the planning board the power to waive hearing in the approval of plats for minor subdivisions; provided that such authority was specifically granted to the planning board under the terms of a municipal ordinance.
It is conceded that the planning board ordinance makes reference to the statute which empowers a municipality to delegate to a planning board the power to waive such hearing, but mere reference, in my opinion, is insufficient to constitute a grant of such power.
A close scrutiny of both ordinances fails to reveal a specific endowment to the planning board of a right to waive hearing in the consideration of plat approvals in minor subdivisions, and compels me to the conclusion that the planning board lacked the authority intended.
By reason hereof, consideration of the other issues raised by the pleadings is unnecessary at this time, and the motion in behalf of the plaintiffs for summary judgment is granted.