BRUSCINO DEVELOPMENT, INC., APPELLEE, *v.* CUMMINGS, CHM., ET AL., APPELLANTS.

(No. 1570—Decided November 21, 1962.)

*Mr. Howard W. Broadbent* and *Mr. Austin W. O'Toole,* for appellee.

*Mr. A. H. West,* for appellants.

HUNSICKER, Acting P. J.  On February 6, 1961, Bruscino Development, Inc., filed, with the City Planning Commission of

the city of Avon, Lorain County, Ohio, a plat of a proposed subdivision of land located in the city of Avon. The City Planning Commission disapproved the plan on February 15, 1961, setting out twenty specific reasons why such plat was unacceptable to the commission.

The first and principal reason why the plat was rejected was: "That the plat, as submitted, does not comply with ordinance No. 429, passed November 9, 1955, which ordinance is an amendment of the original plat ordinance 253, passed April 25, 1946."

Bruscino Development, Inc., then filed an action in the Court of Common Pleas of Lorain County, seeking an order that would require the "Recorder of Lorain County to record the said plat as agreed to be modified * * *." Bruscino Development, Inc., alleged that the ordinances of the city of Avon upon which the Planning Commission based its refusal to approve the plat of the proposed subdivision, were invalid because each of said ordinances (Nos. 253 and 429) was passed without a public hearing and without notice to the public, as required by statute.

To an amended petition filed by Bruscino Development, Inc., the members of the City Planning Commission of the city of Avon filed their answer, saying that: at the time the ordinances were passed, no public hearing on the adoption of such an ordinance was required; the ordinances have been in effect without challenge for more than fifteen years; they are reasonable and necessary for the conditions existing in the city of Avon; and, the statute requiring a public hearing is unconstitutional, as being contrary to the police powers granted municipal corporations by Section 3, Article XVIII of the Constitution of the state of Ohio.

Upon a reply being then filed, the issues were drawn and trial was had. The judgment of the trial court granted the prayer of the petition, and ordered the plat of the proposed subdivision recorded. It is from this judgment that an appeal on questions of law was then perfected to this court.

The chief question before us concerns the validity of the ordinances requiring the approval of the plat by the Planning Commission.

It is conceded herein that neither ordinance No. 253 nor

ordinance No. 429, which latter ordinance was an amendment of ordinance No. 253, was given a public hearing. The argument of counsel for the city of Avon is that, since they were ordinances relating to plats, there was no need to have a public notice given of a public hearing prior to their enactment by the then village legislative body (Avon became a city since the enactment of these ordinances).

Section 3586-1, General Code, was in effect when ordinance No. 253 was passed, on April 25, 1946, and it said, in part, that a municipal legislative body might adopt general rules and regulations governing plats and subdivisions of land falling within its jurisdiction; and that "such rules and regulations shall be promulgated and published as is provided by law for the promulgation and publication of ordinances and before adoption a public hearing shall be held thereon and a copy thereof shall be certified by the commission to the county recorder of the county in which the municipality is located."

When the amendment of ordinance No. 253 was adopted, on November 9, 1955, which amendment is known as ordinance No. 429, Section 711.09 of the Revised Code was in effect. Such section also provided that, before the municipal legislative body adopted such rules and regulations, a public hearing should be held thereon.

We thus have ordinances that were passed by the municipal council contrary to the express provision of the statutes which gave authority to such council to enact legislation on the subject.

We believe that every statutory provision that relates to the right of the municipal corporation to act must be strictly followed; and when, as here, the legislative body did not provide for, or hold, a public hearing on either plat ordinance No. 253 or plat ordinance No. 429, such legislative action was a nullity. See: *Massillon Electric & Gas Co.* v. *Village of Orrville*, 26 C. D., 43; 37 American Jurisprudence, Municipal Corporations, Section 144; 62 Corpus Juris Secundum, Municipal Corporations, Section 416 b.

Counsel for the appellee claims that long continued use of the ordinances by the city of Avon now would require that they be deemed valid. We do not believe there is any merit to this contention. That which is invalid from the beginning cannot

202

be made valid by reason of no contest as to validity over a period of years.

We have examined all claimed errors, and find none prejudicial to the substantial rights of the appellant; and the judgment must be affirmed.

*Judgment affirmed.*

DOYLE and YOUNGER, JJ., concur.

YOUNGER, J., of the Third Appellate District, sitting by designation in the Ninth Appellate District.