111 N.J. Super. 134 (1970)
268 A.2d 10
WILLIAM J.B. STOKES, II, HELEN BENDLEY, ANTHONY N. STEFANELLI, HELEN M. WEIGEL, AND MILTON L. CRANSTOUN, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF LAWRENCE, A MUNICIPAL CORPORATION, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1970.
Decided July 7, 1970.
*135 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. Theodore T. Tams, Jr. argued the cause for appellants.
Mr. Ivan C. Bash argued the cause for respondents Charles E. Peterson, Jr., Peterson's Nurseries and Garden Markets, Inc., and Charles E. Peterson, Jr., t/a Peterson's Garden Market.
Mr. Joseph L. Stonaker filed a statement in lieu of brief for respondents Board of Adjustment of the Township of Lawrence and Mark A. Cermele, Building Inspector.
Mr. Thomas C. Jamieson, Jr. filed a statement in lieu of brief for respondent Township of Lawrence (Messrs. Jamieson, Walsh, McCardell and Moore, attorneys).
*136 The opinion of the court was delivered by COLLESTER, J.A.D.
Plaintiffs appeal from a judgment of the Law Division dismissing their complaint to set aside a variance granted by the Township of Lawrence. The matter is submitted to us on an agreed statement of facts pursuant to R. 2:5-3(c).
Peterson's Nurseries and Garden Markets, Inc. (Peterson) applied to the Board of Adjustment of the Township of Lawrence for recommendation of a variance, pursuant to N.J.S.A. 40:55-39(d), to use its premises for the sale of farm and garden products not produced thereon. The property is located in a residential zone where such use is prohibited. Following a hearing on November 8, 1967 the board adopted a resolution recommending that the variance be granted. The township committee considered the recommendation at a meeting on December 6, 1967 and remanded the matter to the board for the purpose of securing additional evidence as to certain details of the application. The board held a special meeting on January 24, 1968, as a result of which it again adopted a resolution recommending that the variance be granted. At a meeting held on February 7, 1968 the township committee adopted a resolution granting the variance subject to certain conditions.
The conditions set forth in the resolution listed the kind of garden and farm products which the applicant could sell and limited the period of operation from April 1 to November 1 during the daylight hours. They provided for a buffer strip, an area for the storage of products and off-street parking facilities, and prohibited the display of merchandise (other than nursery stock) except within a greenhouse. The resolution required the applicant to eliminate an existing nonconforming garden market use, to obtain from two record property owners a release in recordable form of their interest in that use, and to remove a structure located on the premises. It provided that the applicant would be given 60 days to submit the release to the township attorney, or within the 60-day period to submit evidence of the institution of legal proceedings *137 to determine the rights, if any, of the other property owners in the nonconforming use.
Plaintiffs, neighboring property owners, were present and represented by counsel at all of the meetings for the purpose of contesting the application, and their objections to the variance were noted. No publication of a notice of the township committee's resolution, provided for under R.R. 4:88-15(b) (3), now R. 4:69-6(b) (3), was ever made.
On March 25, 1968 plaintiffs brought an action in lieu of prerogative writs against the township attacking the grant of the variance. Thereafter the township served a notice of motion, returnable May 3, to dismiss the complaint on the ground that Peterson, alleged to be an indispensable party, had not been joined in the action. The hearing on the motion was carried pending the filing of an amended complaint. On April 22, prior to the hearing on the motion, the township committee adopted a resolution amending the resolution granting the variance to include in the conditions attached to the variance permission to sell one specific item which had been omitted from the list recommended by the board of adjustment.
On May 20, 1968 plaintiffs filed an amended complaint joining as parties defendant the township, Peterson, the board of adjustment and Mark A. Cermele, the township building inspector.
On September 30, 1968, after all defendants had filed their answers, Peterson moved for summary judgment on the ground that the amended complaint joining it as a party defendant had not been filed within the time limited by R.R. 4:88-15(b) (3). After hearing argument the court filed a letter opinion in which it ruled that the township's motion to dismiss the original complaint should be granted because of plaintiffs' failure to join Peterson, an indispensable party, as a defendant, and that Peterson's motion for summary judgment as to the amended complaint should be granted because the amended complaint was not filed within 45 days after plaintiffs knew of the township committee's *138 action granting the variance. Following the entry of judgment plaintiffs appealed.
Contrary to appellants' argument, we agree with the trial court that Peterson, the successful applicant, was an indispensable party in the action to set aside the grant of the variance. Peterson had a real and substantial interest in the subject matter of the action, and a judgment could not justly be made without adjudging or necessarily affecting his interest. See Allen B. Du Mont Labs., Inc. v. Marcalus Mfg. Co., 30 N.J. 290, 298 (1959); Sturmer v. Readington Tp., 90 N.J. Super. 341, 343 (App. Div. 1966).
Plaintiffs argue that the court erred in granting Peterson's motion for summary judgment on the ground that their amended complaint adding Peterson as a party defendant had not been served within the 45 days limited by R.R. 4:88-15. The trial court had held that since plaintiffs had actual knowledge of the township committee's action on February 7, 1968, the limitation period began on that day, citing Riedel v. Sheeran, 73 N.J. Super. 105 (Law Div. 1962).
R.R. 4:88-15 required that proceedings in lieu of prerogative writs be commenced within 45 days of the accrual of the right to review, except that under (b) of the rule review of a resolution by a governing body approving a recommendation made by the board of adjustment may not be commenced after 45 days from the publication of a notice once in the official newspaper of the municipality or a newspaper of general circulation in the municipality.
In granting Peterson's motion for summary judgment the court observed that nearly four months elapsed before service of the amended complaint apprised Peterson that the variance granted was disputed, and that during this period Peterson, presumably relying upon the authority conferred upon it by the variance, had significantly altered its position by making substantial improvements upon the premises. Riedel v. Sheeran, supra, held that in the absence of publication, the 45-day period of limitation within which to seek *139 a review begins running from the date of actual knowledge by the party of the adoption of the resolution.
In Toutphoeus v. Joy, 81 N.J. Super. 526 (App. Div. 1963), this court held that an action to set aside a variance by a board of adjustment was commenced within the time limitation of R.R. 4:88-15 when the complaint was filed 42 days after newspaper publication of the board's decision, even though it was not filed until more than 45 days after plaintiffs had actual knowledge of the board's decision. The court stated that it was not called upon to decide the correctness of the decision in Riedel v. Sheeran because there was never any publication of the municipal board action in that case, whereas there was in the Toutphoeus case. In a case where publication had occurred, the rule expressed in Riedel was not to be followed. The court further said in Toutphoeus that the Riedel decision represented a departure from the plain language of R.R. 4:88-15(b) upon which members of the bar had a right to rely, and that the court's reservation in passing judgment on the correctness of the decision was due to judicial restraint rather than any tacit approval.
Riedel ignored the plain language of R.R. 4:88-15(b) (3). We see no justification for adoption of the rule expressed in that case, the correctness of which was seriously questioned in Toutphoeus v. Joy. In our view, an objector, even though having actual knowledge of the grant of the variance, is justified in relying on the provision in the rule for publication of notice of the municipal decision and in holding up his action at least for a reasonable time with the expectation of filing his complaint within 45 days after such publication. We need not here express any view as to a situation where an objector with actual knowledge of a grant of variance waits an unreasonable period of time for a publication which never takes place before bringing his action.
In the instant case we think that plaintiffs could properly have withheld their action until they ascertained *140 that a condition precedent for the grant of the variance had been complied with, viz., the delivery by Peterson of the release obtained from the two property owners. Moreover, in view of their opposition to the application expressed before both municipal bodies they could reasonably anticipate that notice of the township's final action would be published in accordance with the rule.
Instead of waiting, plaintiffs acted promptly. They filed their original complaint against the township 36 days after the variance was conditionally granted and 28 days before the terms of the variance were amended by the township committee, presumably at Peterson's request. While plaintiffs failed to join Peterson as a party defendant in the original complaint because of a mistaken belief that Peterson was not a necessary party, we find it difficult to believe that Peterson was not aware of the action instituted by its neighbors, who had objected to the application for the variance at all meetings of the board of adjustment and the township committee.
We are satisfied that it would be a manifest injustice if plaintiffs were not permitted to have their day in court. We hold that the trial court erred in dismissing their action as untimely. The judgment entered in the Law Division is reversed and the case is remanded for a trial on the merits.