PER CURIAM.
In 1907 the then owner of a parcel of property along the south side of Northeast 79th Street [which ran for a width, east to west, of 471 feet] executed a deed to a portion of that property which contained the following description as to a private easement:
ij< ‡ ijc ;J: %
“ * * * Reserving however the use of the North fifteen feet of said land for a road and the South six feet of said land for an alley, * * * ”
* H? * * * *
Thereafter, by numerous conveyances, the balance of the property was deeded out, containing substantially the same language as to the easement. Following these conveyances throughout the years the property encumbered by the easement became owned by several different entities, among which was the Fowler interest and the Little River Investments, Inc. interest, the Fowlers owning property fronting 60 feet on Northeast 79th Street and the Little River Investments, Inc. owning property immediately east of the Fowler parcel, fronting on 79th Street a distance of 145 feet. Then Little River Investments, Inc. sought a re-plat of its property, which was approximately in the middle of the block on 79th Street between Second and Third Avenues, for the purpose of closing the six-foot alley located along the south line of its property. At the time of this replat, the ordinances of the City of Miami required the following before the closing of an alley or easement:
“Sec. 54-4. Closing and vacating of streets.
“When any owner of property abutting any public street or alley located within the city wishes to close such street or alley or any portion thereof, he shall file in the office of the clerk of the circuit court in and for the county a record plat of the property through which passes the street or alley or portion thereof which is sought to be closed, such plat to show the alley or street or portion thereof as being closed and to include all property abutting thereon.
“The record plat required by this section shall be prepared and executed in accordance with the laws of the state and with the rules and regulations of the department of engineering, and shall be signed and executed by the owner of all the abutting property and by any persons holding any mortgage, lien, judgment or *70 other interest in the street or alley or abutting property or any portion thereof.
“From and after the filing of the plat required by this section, the alley, street or portion thereof shall be closed, abandoned and discontinued as a public street or alley; provided, that such closing, abandonment, or discontinuance shall not in any manner affect utility equipment or services already installed in the alley, street or portion thereof, or the right to thereafter maintain and operate the equipment and services in the alley, street or portion thereof during the term of the franchise under which the equipment and services were installed in the alley, street or portion thereof. (Code)”
“Sec. 72(o) Notices and hearings.
“(1) The board shall publish a notice of hearing in a local daily newspaper at least ten (10) days prior to the date of its hearing on any zoning change. Said notice shall contain the legal description of the property, the name of the street, avenue, etc., upon which it is located, the changes sought, and the time and place of the hearing.”
It is conceded by the parties to this appeal that the requirements of notice were not met, in that the public notice has a misdescription and that there was no actual notice to the adjoining property owner represented by the Fowler interest nor, obviously, did the Fowler interest join in the replat. Subsequent to the replat the property was conveyed to Wig Corporation of America without reference to the easement, who erected a fence around the perimeter of its property. This prevented the Fowler interest from using the six-foot easement across the servient property which had been replatted. The law suit was then commenced in the trial court to mandatorily enjoin the interference with the six-foot easement by the removal of the fence because of the alleged invalidity of the replat. The trial judge granted the relief sought and this appeal ensued.
The appellant contends that the replat, although insufficient as to the Fowler interest, should not be held void because of the lack of notice and, further, that even if the easement was not validly cancelled by the replat it should be terminated as a private easement because it no longer serves the purpose for which it was originally created, to wit: ingress and egress to Northeast Second Avenue.
We find no error in the trial court’s ruling, it being conceded that the provisions of the ordinances of the City of Miami relating to replatting were not followed. Therefore, the actions of the City in adopting the replat were null and void. Compare Ellison v. City of Fort Lauderdale, Fla.1966, 183 So.2d 193; Donovan v. City of New Brunswick, 50 N.J.Super. 102, 141 A.2d 134; Bruscino Development, Inc. v. Cummings, 118 Ohio App. 199, 193 N.E.2d 736; Vol. 1, American Law of Zoning, Anderson, §§ 413, 414; Vol. 3, American Law of Zoning, Anderson, §§ 19.10, 19.12. The question of termination of the easement, because it no longer serves the purpose for which it was intended, is not properly before this court at this time. Alliance for Conservation of National Resources in Pinellas County v. Furen, Fla.App.1960, 122 So.2d 51; Booker v. Lima, Fla.App.1966, 182 So.2d 642; Bishop v. Wometco Enterprises, Inc., Fla.App.1970, 235 So.2d 759.
Appellant also urges that the opinion found in Filardo v. Lazo, Fla.App.1970, 241 So.2d 869, requires the six-foot easement for an alley to be held void because it is less than fifteen feet in width. We do not find this applicable for several reasons: First, the opinion was based on a special act applicable only to Hillsborough County and, second, the act was enacted subsequent to the grant of the private easement in the instant case.
Wherefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.