190 N.J. Super. 376 (1983)
463 A.2d 960
COUNTRY CHEVROLET, INC., PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF NORTH BRUNSWICK PLANNING BOARD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 29, 1983.
Decided June 30, 1983.
*378 Before Judges FRITZ, JOELSON and PETRELLA.
Martin G. Margolis, for appellant (Joseph S. Aboyoun, on the brief).
Thomas J. Shamy, for respondent.
The opinion of the court was delivered by FRITZ, P.J.A.D.
In this zoning matter, plaintiff appeals from a summary judgment dismissing its complaint in lieu of prerogative writs which had challenged a determination of defendant planning board. Because of the complex nature of the municipal proceedings as they evolved, the legal questions which developed during these procedures and, as a matter of fact, the extraordinary procedure utilized by plaintiff in its attack on the determination of the planning board, the matter appears to be more intricate and complicated than it really is. Actually, the only question with which we need deal is whether the determination of the trial judge that the complaint was filed out of time is sound in the circumstances of this case. Our conclusion is that the trial judge was correct and we affirm.
The matter involves consideration of R. 4:69-6. The operative facts appear to be undisputed. The determination of the planning board which was attacked by plaintiff's complaint occurred on January 11, 1982. While notice of the determination was published on January 18, 1982, it is clear that no notice was mailed to plaintiff whose application was denied by the planning *379 board. Plaintiff did not wait for such notice. It filed an action in lieu of prerogative writs on January 18, 1982, the day of publication. "[R]ecent developments" and "an effort to further enhance our [plaintiff's] amicable relationship with the Planning Board," all as expressed in a letter from counsel for plaintiff to counsel for the planning board, motivated plaintiff to seek and obtain a stipulation of dismissal, albeit "without prejudice." The stipulation of dismissal recited that the "matter in difference" had been "amicably adjusted by and between the parties." It is evident that any enhancement of the relationship between plaintiff and defendant was either a unilateral hope or an unfortunate gamble, because plaintiff found it necessary to file a new prerogative writs complaint on May 24, 1982, long after the 45-day period incorporated in R. 4:69-6. In fact, it is to be seen that that filing date is more than twice 45 days after the filing of the stipulation of dismissal in the previous action.
In granting defendant's motion for summary judgment the trial judge held that the complaint was out of time under R. 4:69-6. Plaintiff's contention is that since it never received notice by mailing, the time within which a bringing of its complaint was limited never began to run.
Defendant relies in large part upon Riedel v. Sheeran, 73 N.J. Super. 105 (Law Div. 1962). Plaintiff counters with Toutphoeus v. Joy, 81 N.J. Super. 526 (App.Div. 1963) and Stokes v. Lawrence Tp., 111 N.J. Super. 134 (App.Div. 1970), each of which criticized Riedel and the latter of which appeared to overrule it, saying, "We see no justification for adoption of the rule expressed in that case...." 111 N.J. Super. at 139 While it is unimportant to our determination here because of the ground upon which we posit that determination, it is to be observed that Stokes said at the same time, "We need not here express any view as to a situation where an objector with actual knowledge of a grant of variance waits an unreasonable period of time for a publication which never takes place before bringing his action." Ibid.
*380 We are persuaded that the determination of the trial judge in the matter before us served to implement the two principal purposes of R. 4:69-6. The first of these is obviously an attempt to provide repose for municipalities in connection with their zoning determinations, much as a statute of limitations provides repose for a defendant. Because of the nature of municipal zoning determinations, this is intentionally, we are certain, a relatively short time. On the other hand, the Rule is also obviously intended to prevent the effectiveness of municipal zoning action until such time as those who are affected by it have been informed. For that reason, the Rule provides not only for publication  an uncertain method at best  but for actual mailing of the notice to the applicant. The purpose of the Rule as thus manifest is to provide the municipality with the right of repose and to provide the applicant (or objectors) with the right to notice. The right to notice has been carefully guarded as is demonstrated by Toutphoeus and Stokes, both supra.
However, nothing in either of those cases opposes application of the doctrine of waiver in situations where that course seems appropriate, as here, toward the end of an equitable balancing of those rights. Waiver is traditionally defined as the voluntary relinquishment of a known right evidenced by a clear, unequivocal and decisive act from which an intention to relinquish the right can be based. Mitchell v. Alfred Hofmann, Inc., 48 N.J. Super. 396, 405 (App.Div. 1958), certif. den. 26 N.J. 303 (1958). It implies an election by the party to dispense with something of value or to forego some advantage which that party might have demanded and insisted on. West Jersey Title, &c., Co. v. Industrial Trust Co., 27 N.J. 144, 152 (1958). It is distinguished from estoppel inasmuch as the latter requires reliance. Freeman v. Conover, 95 N.J.L. 89, 93 (E. & A. 1920).
There is before us in this appeal a classic example of waiver. No doubt plaintiff had an absolute right to notice by mailing. Plaintiff might properly have delayed the commencement *381 of suit to a time beyond the 45-day limitation had it chosen to do so. But by a clear, unequivocal and decisive act, i.e., the filing of a complaint at law to which the municipality was required to respond, plaintiff relinquished its right to notice by mailing as a time triggering device.
The "without prejudice" element in the stipulation of dismissal of the first action lends no particular equity to weight down plaintiff's pan in this balancing of rights under the Rule. Assuming that actual notice occurred on January 18, the date on which the complaint was filed, and that the running of the time limitation of the Rule was tolled during the pendency of the first action, from January 11, 1982 to February 19, 1982 when the stipulation of dismissal was filed, plaintiff still had the full 45-day period allowed by the Rule within which to bring a new complaint without fear of the imposition of limitations. As a matter of fact, it is conceivable that plaintiff might have then or even later moved to set aside the dismissal of the original action, in light of the fact it was entered without prejudice, but needless to say, the issues on such a motion would have been different from those which confront us here.
Plaintiff filed a timely action. For reasons designed in part at least to accommodate its own purposes, it sought a dismissal of that action. Understandable as that course of conduct may be, we are not willing to deprive defendant of its right of repose in the particular circumstances of this case.
Plaintiff asserts that the trial judge erroneously determined that the planning board had "relied" upon the withdrawal of the first prerogative writs suit. It matters not in view of the ground upon which we affirm, one concerning which reliance is not necessary.
Plaintiff also objects respecting the asserted failure of the trial judge to state findings of fact and conclusions of law as required by R. 1:7-4 and R. 4:46-2. In addressing this argument, plaintiff, somewhat unfairly we believe, notes that "the entire dispository [sic] portion of the transcript of the proceedings *382 below consists of a mere 36 lines." (Footnote omitted.) This statement neglects to point out that on two preceding pages in the transcript the trial judge carefully set forth, with dates, the procedural occurrences which caused him to believe the most recent complaint was out of time. Our review of the record satisfies that the findings and conclusions were adequate.
We conclude essentially as we began with that which provides the vital thread of our determination here: it is the balancing of respective rights which persuades us that the judgment entered below was correct. If the result in the trial court is correct, as we are persuaded it was here, there must be an affirmance irrespective of the legal principle applied below. Leitner v. Braen, 51 N.J. Super. 31, 37-38 (App.Div. 1958); R. Krevolin & Co., Inc. v. Brown, 20 N.J. Super. 85, 92 (App.Div. 1952).
Affirmed.