CRABTREE, J.T.C.
Defendant moves to dismiss plaintiff’s complaint for failure to pay taxes in the manner provided by law. Plaintiff argues that its demand for a credit against 1983 taxes allegedly arising from an overpayment of 1982 taxes constitutes payment for purposes of the statute requiring that all taxes be paid by the time a complaint is filed in this court. More specifically, plaintiff contends that the municipality’s appeal from a county board settlement judgment reducing the 1982 assessment was improper and, thus, the county board judgment formed the basis for plaintiffs right to the aforementioned credit.
The facts essential to a disposition of the motion are not in dispute.
Plaintiff sought review of the 1982 assessment on its property before the Essex County Board of Taxation. The proceeding before that tribunal culminated in a settlement incorporated in a judgment entered September 10, 1982 reducing the assessment from $290,000 to $240,000. Notwithstanding the settlement, defendant appealed to the Tax Court, where judgment pursuant to settlement was entered May 31, 1984 incorporating the same disposition as reflected in the county board judgment. Meanwhile, for tax year 1983, the property was assessed at the reduced figure of $240,000. Plaintiff again appealed to the county board, where the assessment was affirmed. On December 14, 1983 plaintiff filed the complaint initiating the instant proceeding in this court.
At no time during the pendency of the 1982 court proceeding did the taxpayer move to dismiss the municipality’s complaint on the basis of the county board settlement judgment.
On November 2,1983 plaintiff paid $522.50 to defendant’s tax collector. At the time of such payment plaintiff demanded of the tax collector that he be given credit for the balance of the fourth-quarter taxes on the basis of the county board reduction for 1982 which resulted in an overpayment of tax for the latter year. The tax collector refused plaintiff’s demand, citing the pendency of the Tax Court case as the reason, and, on Decern *290 ber 5, 1983, notified plaintiff in writing of an alleged delinquency in 1983 tax payments and threatened to put plaintiff’s property up for tax sale. On December 27, 1983 plaintiff paid the balance of the fourth-quarter 1983 installment. Some time after the aforementioned Tax Court judgment pursuant to settlement, viz: on or about August 31, 1984, plaintiff received a refund of the amount paid on December 27, 1983, without interest. Defendant does not claim that taxes for the first three quarters of 1983 were not paid, nor does it dispute that the amount of the fourth-quarter payment made by plaintiff was at least equal to the installment due and owing for that quarter.
N.J.S.A. 54:51A-1, effective January 28, 1983 provides:
a. Any party who is dissatisfied with the judgment, action or determination of the county board of taxation may seek review of that judgment, action or determination in the tax court by filing a complaint in the tax court, pursuant to rules of court.
b. At the time that a complaint has been filed with the tax court seeking review of judgment of county tax boards, all taxes or any installments thereof then due and payable for the year for which review is sought must have been paid. No interest shall be due and payable by the appellant for the period from November 1 of the current tax year to the date of filing the complaint.
c. If the tax court shall determine that the appeal to the county board of taxation has been (1) withdrawn at the hearing, or previously thereto in writing by the appellant or his agent; (2) dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county tax board; (3) settled by mutual consent of the taxpayer and assessor of the taxing district, there shall be no review. This provision shall not preclude a review by the tax court in the event that the appeal was "dismissed without prejudice” by the county board of taxation.
This statute and its predecessor, N.J.S.A. 54:2-39, have been construed to be jurisdictional, so that the failure to comply therewith is fatal to the maintenance of a tax appeal in this court. Schneider v. East Orange, 196 N.J.Super. 587, 483 A.2d 839 (App.Div.1984).
N.J.S.A. 54:4-8.2 provides, pertinently:
If any taxpayer shall have paid the taxes upon any assessment of property under the provisions of chapter four of Title 54 of the Revised Statutes and shall, upon appeal, have obtained a judgment of the county board of taxation granting a reduction in the said assessment from which neither the taxpayer nor the municipality shall have duly appealed, or shall have obtained a judg *291 ment of the [Tax Court] granting a reduction in such assessment or confirming a reduction granted by the county board or any part thereof, such taxpayer may claim and the collector of taxes of the municipality shall allow a credit in an amount equal to the appropriate refund incident to such reduction of said assessment, against any taxes then due or to become due on such property; provided, such property is at the time assessed against the same owner as it was at the time the appealed assessment was made....
This statute gives a taxpayer the right, and imposes upon the tax collector the duty, to have a tax overpayment credited against unpaid taxes for later periods. Seatrain Lines v. Edgewater, 4 N.J.Tax 378 (Law Div.1982), aff’d o.b. per curiam 192 N.J.Super. 535, 471 A.2d 439 (App.Div.), rev’d on other grounds 94 N.J. 548, 468 A.2d 197 (1983). Given this unqualified right under the statute, two questions arise under the facts recited above. First, was plaintiff’s right to a credit affected by defendant’s appeal to the Tax Court from the county board judgment entered pursuant to settlement? Second, did plaintiff’s subsequent payment of the fourth-quarter 1983 taxes vitiate his prior election to claim a credit pursuant to N.J.S.A. 54:4-8.2?
The first question must be answered in the negative.
Plaintiff claims, in his affidavit, that the 1982 case was settled before the county board. Defendant does not deny the settlement. I thus conclude that the 1982 case was settled before the county board, a conclusion reinforced by the 1983 assessment, made as of October 1, 1982, for the same amount.
Nor does it matter that plaintiff failed to move for dismissal of the municipality’s complaint on the basis of the county board settlement. This court may notice sua sponte, jurisdictional defects that appear on the face of pleadings and supporting papers. Cf. Prospect Hill Apts. v. Flemington, 172 N.J.Super. 245, 1 N.J.Tax 224, 411 A.2d 737 (Tax Ct.1979) (before a motion to dismiss could be filed court notified the parties that complaint was filed beyond the date prescribed by law for direct appeal).
*292 Accordingly, the 1982 county board judgment entered pursuant to settlement was not duly appealed within the contemplation of N.J.S.A. 54:4-8.2 and, thus, plaintiff was entitled to have the overpayment of 1982 tax credited against 1983 tax.
The other question is whether plaintiffs subsequent payment of the fourth-quarter installment of 1983 taxes vitiated his prior election to claim a credit pursuant to N.J.S.A. 54:4-8.2. This question must also be answered in the negative.
Defendant’s argument seems to be that plaintiff’s subsequent payment of the fourth-quarter installment constituted a waiver of his right to a credit under N.J.S.A. 54:4-8.2. Waiver is traditionally defined as “the voluntary relinquishment of a known right evidenced by a clear, unequivocal and decisive act from which an intention to relinquish the right can be based.” Mitchell v. Alfred Hofmann, Inc., 48 N.J.Super. 396, 405, 137 A.2d 569 (App.Div.), certif. den. 26 N.J. 303, 139 A.2d 589 (1958); accord Country Chevrolet v. North Brunswick Planning Bd., 190 N.J.Super. 376, 380, 463 A.2d 960 (App.Div.1983). It implies an election to dispense with something of value or to forego some advantage. West Jersey Title & c., Co. v. Industrial Trust Co., 27 N.J. 144, 141 A.2d 782 (1958). The key word in the judicial definition is “voluntary.” There was nothing voluntary in plaintiff’s subsequent payment of the fourth-quarter installment of 1983 taxes. He had been denied the credit which he sought from the tax collector; a little over one month later he received written notice from the collector advising him that his property would be put up for tax sale if the alleged delinquency were not satisfied. It was only after the latter notice that he paid the balance of the fourth-quarter installment. This course' of conduct does not establish the “voluntary relinquishment of a known right evidenced by a clear, unequivocal and decisive act.”
Defendant’s motion is denied. Plaintiff will prepare the appropriate order and submit it under R. 4:42-l(b).